Totten, J.,
delivered the opinion of the court.
Ejectment. Rawlings sued ITbover in the circuit court of Bedford for a parcel of land, and the issue was upon a question of boundary, as appears in the verdict of the jury. The deposition of Joseph Allison, which is pertinent and material to. the matter in issue, -was offered in evidence by Hoover, the defendant. It appears on its face to be taken in Dade county, Missouri, March 3d, 1853, before Columbus Talbutt, justice of the peace in said county, and in virtue of a commission issued from the circuit court of Bedford." But the commission was in blank when issued, and so remained as to the name of the commissioner, when returned with the deposition to the circuit court. For this cause the deposition was rejected. There was judgment for the plaintiff, and defendant appealed in error.
The question now is, whether a commission was necessary; for it is clear that the present commission being in blank, is to be considered merely void.
The act of 1852, ch. 161, provides that, “ hereafter it shall not be necessary to procure an order of court, or to make any affidavit before the clerk, or to get any order from the clerk, previous to taking a deposition, but that either party litigant in any of the courts of this State, shall take depositions upon giving legal notice to the opposing party, in all cases that by law they can be taken.” We are of opinion that this act abolishes the commission and renders it unnecessary.
The last clause contains the express provision, complete in itself, “ that either party shall take depositions *289 upon giving legal notice to the opposing party.” The preceding part of the statute having dispensed with the order, and the order being in legal effect simply this, that a commission shall issue, there can be no doubt of the intention to dispense' with the commission also. When it dispenses with the order that directs a commission to issue it dispenses with the commission, which could not legally issue without such order, the one being dependent upon the other.
It does not provide that a commission shall issue without an order; and the order, without which it could not issue, being now abolished, is there any law by which the commission can. issue?
We may further observe, that, under the act of 1794, ch. 1, § 30, the issuance of a comipission was a formal act of the court, appointing some suitable person to take the deposition, but in effect, and for any useful purpose,' it was abolished by the act of 1846, ch. 209, which provides that it might issue in blank, and the name of the commissioner be inserted by the party interested in its execution.
Under this act, the party, not the court, chooses and appoints, ’the commissioner having a blank process, and the 'authority of the law for that purpose. It then became a mere form, which might perplex the one party in its observance, and could be of no use to the other.
It is objected that the official character of the justice, before whom the deposition was taken, does not appear.
We consider it a settled rule of practice in our courts, that a justice of the peace, a judge, or other judicial *290 functionaiy competent to administer an oath, in other States, is legally competent to take depositions; and that his statement in the. caption or certificate that he sustains such office or character, is evidence prima fame of that fact. Wilson vs. Smith, 5 Yerg. R., 379.
Let the judgment be reversed, and the cause he remanded.
Judgment reversed.